UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACFONE WIRELESS, INC.,

    Plaintiff,

v.                                             Case No: 6:13-cv-1030-Orl-36TBS

ALICIA D. WASHINGTON, THE REAL
IMAGINATION, LLC, JARA MATEO,
ROLANDO R. QUISCA ASTOCAHUANA,
ROSA LOPEZ, ROLO MULTISERVICES,
INC., CAROLINA DAVILA SANTILLANA
and RICARDO VALENZUELA,

    Defendants.

## ORDER[1]

Pending before the Court is Plaintiff's Motion for Court-Directed Alternative Service of Process. (Doc. 10). None of the defendants who have appeared in this case have opposed the motion. For the reasons that follow, Plaintiff's motion is **granted**.

### I.     Background

On July 8, 2013, Plaintiff filed its Complaint for damages and injunctive relief against Defendant Rolando R. Quisca Astocahuana ("Quisca"), among others, for alleged trademark infringement, unfair competition and false advertising, deceptive trade practices, and civil conspiracy. (Doc. 1). Plaintiff now requests that the Court permit it to effect service upon Defendant Quisca, (who, based on their information and belief is) a citizen of Peru, via FedEx and via hand delivery to Quisca's Texas corporation, pursuant to Federal Rule of Civil Procedure 4(f)(3). (Doc. 10).

---

[1] Plaintiff cites to "Local Rule 7.1(a)(2)" and describes Southern District of Florida cases as being "in this district." (Doc. 10 at 2, 8). Plaintiff is advised that it is appearing before the Judges of the United States District Court for the Middle District of Florida, and all citations should be to the local rules of this Court.

II.     Discussion

Federal Rule of Civil Procedure 4(f) establishes appropriate methods for serving process on an individual in a foreign country. The rule provides:

> **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
>    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
>    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>       (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>       (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>       (C) unless prohibited by the foreign country's law, by:
>
>          (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>          (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>    (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f). Plaintiff has requested that the Court direct service of process under subsection (f)(3). "Rule 4(f)(3) allows this Court to authorize any particular method of service of its own choosing, so long as the order does not contradict any applicable international agreement." Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas,

- 2 -

268 F.R.D. 687, 690 (2010). "Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction 'or.'" Brookshire Brothers Ltd. v. Chiquita Brands Int'l, Inc., No. 05-CIV-21962, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007) (citing Rio Properties, Inc. v. Rio Int'l, 284 F.3d 1007, 1015 (9th Cir. 2002)). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." Id. Rule 4(f)(3) is just "as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Rio, 284 F.3d at 1015. Courts have deemed FedEx an acceptable method of service under Rule 4(f)(3). See Tracfone, 268 F.R.D. at 691 (citing Mainstream Media, EC v. v. Riven, 2009 WL 2157641, at *3 (N.D. Cal. July 17, 2009)); cf. Tracfone Wireless, Inc. v. Bequator Corp., Ltd., 717 F. Supp. 2d 1307,1310 (S.D. Fla. 2010). The district court has sound discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." Rio, 284 F.3d at 1016.

### a. Service of Process Via FedEx

Plaintiff seeks permission to serve Defendant Quisca via FedEx "at the offices of Rolo Telecom del Peru S.A.C., located at Cal. Colina Nro. 128 Int. B, Barranco, Lima, Peru." (Doc. 10 at 1-2). "The Republic of Peru is not a signatory to the Hague Convention, but both Peru and the United States are signatories to the Inter-American Convention on Letters Rogatory of January 30, 1975, and the Additional Protocol of May 8, 1979." C&F Sys., LLC v. Limpimax, S.A., No. 1:09-cv-858, 2010 WL 65200, at *1 (W.D. Mich. Jan. 6, 2010); see "Peru Judicial Assistance," http://travel.state.gov/law/judicial/judicial_5893.html (July 31, 2013). Although this convention and subsequent protocol outline an agreed upon method for service of civil process within the borders of these countries, they do not mandate any specific

procedures and do not establish an exclusive method for service between the signatories. C&F Sys., LLC, 2010 WL 65200, at *1 (citing Kreimerman v. Casa Veerkamp S.A. de C.V., 22 F.3d 634, 643-44 (5th Cir. 1994) (Defendants "are careful not to refer [the court] to the portion of the President's Letter of Transmittal in which he indicates, not that United States courts must resort to Convention procedures [mandatory], but that the courts 'will be able to avail themselves of' such procedures (permissive). Neither do they note President Reagan's opinion that 'the purpose of the Convention is [merely] to facilitate service ... of documents.'")).

I find that service via FedEx is an appropriate and effective method of service in this case.[2]  Plaintiff is directed to "file a copy of the FedEx 'proof of signature' (or substantially equivalent document) as proof that service has been effectuated[.]" Tracfone, 717 F. Supp. 2d at 1310.

### b. Service of Process Via Hand-Delivery to the Registered Agent of a Domestic Corporation

Plaintiff also seeks to serve Defendant Quisca via hand-delivery to the registered agent of his Texas corporation, Rolo Multiservices, Inc., pursuant to Rule 4(f)(3).  (Doc. 10 at 6-7).  Upon consideration of the cases cited by Plaintiff (Rose v. Deer Consumer Products, Inc., No. CV 11-03701 DMG (MRWx), 2011 WL 6951969, at 2 (C.D. Cal. Dec. 29, 2011) and In re LDK Solar Securities Litigation, No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008)), I find this method is effective as a supplement to (and not an alternative to) service via FedEx in this case.

---

[2] The Court acknowledges that on July 29, 2013, Attorney Carla T. Reece filed a Notice of Appearance on behalf of several defendants, including Defendant Quisca. (Doc. 12). While service on an attorney may be effective, Plaintiff has not requested it. Consequently, Ms. Reece's appearance in the case does not alter the Court's analysis regarding whether the alternate service Plaintiff requested is an appropriate and effective way in which it may serve process on the individual defendant. See FED. R. CIV. P. 4(a)(B) (mandating that service be "directed to the defendant.").

- 4 -

### III. Conclusion

**ORDERED** that:

a. Plaintiff's Motion for Court-Directed Alternative Service of Process (Doc. 10) is **GRANTED**.

b. Plaintiff may **SERVE** Defendant Quisca via FedEx "at the offices of Rolo Telecom del Peru S.A.C., located at Cal. Colina Nro. 128 Int. B, Barranco, Lima, Peru."

   i. Plaintiff shall **FILE** a copy of the FedEx 'proof of signature' (or substantially equivalent document) as proof that service has been effected.

c. As a supplement to service via FedEx, Plaintiff shall **SERVE** Defendant Quisca via hand-delivery to the registered agent of his Texas corporation, Rolo Multiservices, Inc. Plaintiff shall file a proof of service in accordance with the federal rules.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on August 1, 2013.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record